Kadialiou **BARRY,** Petitioner,

v.

Alberto **GONZALES,** Attorney General, Respondent.

No. 06–1806–ag.

United States Court of Appeals, Second Circuit.

Sept. 7, 2007.

Matthew J. Harris, New York, NY, for Petitioner.

Joe W. Stecher, United States Attorney, District of Nebraska; Laurie M. Barrett, Assistant United States Attorney, Omaha, NE, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Kadialiou Barry, a native and citizen of Sierra Leone, seeks review of a March 16, 2006 order of the BIA affirming the December 29, 2004 decision of Immigration Judge ("IJ") Paul A. Defonzo pretermitting his application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Kadialiou Barry,* No. A78–712–759 (B.I.A. March 16, 2006), *aff'g* No. A78–712–759 (Immig. Ct. N.Y. City Dec. 29, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

As a preliminary matter, the IJ pretermitted Barry's asylum application as untimely. Barry does not challenge that determination in his brief to this Court. Accordingly, we consider only his challenge to the denial of withholding of removal and of his CAT claim.

Here, the IJ denied Barry's claims because he found that Barry was not credible. The IJ's adverse credibility finding is supported by substantial evidence. That evidence includes Barry's previously undisclosed prior residence in the United States, his lack of knowledge of the politics in Sierra Leone despite the fact that his claim is based upon his political opinion, and his witness's inconsistent testimony. The IJ reasonably discredited Barry's argument that his prior attorney was to blame for his not having mentioned his 1996 visit to the United States; even hav-

ing retained new counsel, Barry attempted neither to correct his application nor to file a *Lozada* motion. *See Zhou Yun Zhang,* 386 F.3d at 74. Barry's non-specific and vague answers on cross-examination regarding his "observations upon returning to Sierra Leone" in 1998 were properly considered as additional evidence of a lack of credibility, particularly because Barry claimed that he feared returning to Sierra Leone based on those very observations.

The BIA's evaluation of the record before it provided further support for the IJ's adverse credibility finding. The BIA properly concluded that Barry's claim on appeal to the BIA was completely different from his underlying claim before the IJ. Barry claimed before the IJ that he feared returning to Sierra Leone because of continued civil strife in that country and because of his Fulani ethnicity and affiliation with the S.L.P.P. Before the BIA, however, Barry claimed that as a native and citizen of Guinea, he had been persecuted in Guinea when he was detained and severely mistreated by government officials based on his political affiliation with the opposition party in that country. Barry made no attempt in the record before the BIA (or, for that matter, in his submissions to this Court) to correct or explain the Respondent's Brief submitted to the BIA. *See* A 5–6. The BIA, therefore, properly viewed Barry's submission in the administrative appeal as further support for an adverse credibility finding. *See Secaida–Rosales,* 331 F.3d at 307. Given these significant discrepancies, no reasonable adjudicator would be compelled to disagree with the agency's adverse credibility determination. *Zhou Yun Zhang,* 386 F.3d at 73.

Accordingly, because Barry has not presented a credible claim that he was either subjected to past persecution or that there is a likelihood of future persecution on account of his political opinion, the agency properly denied his withholding of removal claim. *See id.* at 78.

Finally, we observe that it is difficult to divine in Barry's brief to this Court any particularized meaningful challenge to the agency's adverse determination of his CAT claim. For that reason we could consider it waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Nonetheless, if we consider the substance of Barry's CAT claim, the agency's adverse credibility determination that precludes his withholding claim precludes success on the CAT claim as well. *See Paul v. Gonzales,* 444 F.3d 148, 157 (2d Cir.2006) ("[A] petition for CAT relief may fail because of an adverse credibility ruling rendered in the asylum context where the factual basis for the alien's CAT claim was the same as that rejected in his asylum petition.")

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).